# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 28, 2022

Lyle W. Cayce
Clerk

No. 20-60096

Md Abu Tahir,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A201 713 120

Before Stewart, Ho, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Md Abu Tahir, a native and citizen of Bangladesh, petitions for review of an order from the Board of Immigration Appeals. Tahir claims to have been attacked and threatened by members of the ruling faction in Bangladesh, on account of his membership in a minority political party. He applied for asylum, withholding of removal, and protection under the Convention

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Against Torture ("CAT").  After finding that Tahir lacked credibility, the immigration judge denied relief.  The BIA affirmed the IJ's decision and dismissed Tahir's appeal.  We deny the petition for review.

"We review the BIA's decision, and we review the IJ's decision only to the extent it influenced the BIA." *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021).  The substantial evidence standard governs our review of credibility findings and determinations that an applicant is not eligible for asylum, withholding of removal, or CAT protection.  *Id.*; *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Under that standard, we cannot reverse the BIA's findings unless "the evidence [i]s so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009).

We conclude that substantial evidence supports the adverse credibility finding.  As the BIA observed, the IJ found inconsistencies in Tahir's testimony.  For example, Tahir told the IJ that the police were looking for him, but he omitted this information in his asylum application and in his earlier testimony.  What's more, Tahir told the asylum officer that he was stabbed in February 2015, but he later walked back this claim—first, by stating that his attackers "tried to stab" him, then, by testifying that he did not know whether he was stabbed.  Accordingly, the record does not compel the conclusion that Tahir is credible.

The adverse credibility finding is fatal to Tahir's asylum claim, because without credible evidence, Tahir cannot meet his burden of proving persecution.  *See Arulnanthy*, 17 F.4th at 596–97 (holding that an adverse credibility finding can foreclose an asylum claim based on fear of future persecution).  And because Tahir cannot meet that burden, he necessarily cannot meet the higher burden required for withholding of removal.  *See Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012).

No. 20-60096

Finally, as for Tahir's request for CAT relief, the BIA affirmed the IJ's conclusion that the evidence does not support a finding that Tahir is "more likely than not" to be tortured upon return to Bangladesh. *See Garcia v. Holder*, 756 F.3d 885, 891 (5th Cir. 2014). "CAT claims are distinct from asylum and withholding-of-removal claims and should receive separate analytical attention." *Arulnanthy*, 17 F.4th at 598 (cleaned up). *See also Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002) (cautioning against "overreliance on an adverse credibility ruling" in deciding CAT claims).

Here, the IJ did not treat the adverse credibility finding as dispositive of Tahir's CAT claim. As the BIA noted, the IJ considered Tahir's evidence, including his country-conditions evidence, and found this evidence insufficient to support CAT relief. Our review of the record does not compel a different conclusion.

Accordingly, we deny the petition for review.